## FIDELITY & CASUALTY CO v HIGHWAY CONSTRUCTION CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13514. Decided May 31, 1934

Howell, Roberts & Duncan, Cleveland, for plaintiff in error.

John A. Cline, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist) and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By HAMILTON, PJ.

It is claimed that the judgment of the trial court is not supported by any evidence showing a breach of the contract by the Insurance Company to defend the action brought by James Sorna and it is claimed that the judgment of the trial court is contrary to law.

Under the claimed error that the judgment is contrary to law, it is urged that the terms of the policy do not require the Insurance Company to defend the husband's suit for loss of services. We incline to this view of the case, but we do not rest our decision on that ground, but will proceed to the second ground, that the plaintiff failed to show a breach of the contract by the Insurance Company to defend the action. This question is determined by a consideration of two letters, plaintiff's Exhibit 1-D and Exhibit 8. Exhibit 1-D is the last page of an extended letter concerning liability written by counsel for the Insurance Company to the Highway Construction Company, under date of May 8th, 1930. The pertinent part of the letter is as follows:

"That case (the husband's case) will be up for trial again soon, and in view of the decision which the insurance company has made with reference to the question of coverage, it has occurred to us that perhaps

you would prefer to have your own attorneys take charge of the trial of Mr. Sorna's case, or at least assist us in the trial, and we are perfectly willing to have you follow either course; or, if you prefer, we are willing to continue to defend the husband's case to the best of our ability, but of course with the same understanding as to the reservation of rights of the insurance company under which we have heretofore been looking after the defense. We do not want you to feel embarrassed by having attorneys representing you in the defense of Mr. Sorna's case who are the attorneys for the insurance company whose interests are antagonistic to yours in view of the recent developments. Consequently, we want you to feel entirely free to have your attorneys take charge of the defense of Mr. Sorna's case if you wish them to do so, and we assure you that we will give you and them all the assistance we possibly can.

"We would like for you to advise us as early as possible what your desire is with reference to the defense of Mr. Sorna's case and also whether or not your attorneys wish to consider with us the advisability of making application for a rehearing of Mrs. Sorna's case in the Supreme Court. We are sending a copy of this letter to Mr. John Cline, who, we understand, is now your attorney in this matter."

Plaintiff's Exhibit 8 is a letter from the Construction Company to the attorneys for the Insurance Company, and is as follows:

"May 10, 1934.
Howell, Roberts & Duncan,
Attorneys at Law,
Guardian Bldg.,
Cleveland, O.

IN RE SORNA v
HIGHWAY CONSTRUCTION CO
Gentlemen:

We have your letter of May 8th with reference to the above matter and we have carefully noted the contents of the same. We have decided in view of the attitude of the insurance company in refusing to make payment under its policy, that we will have our attorneys, Cline and Patterson, represent us in the loss of service case.

We trust that you will be kind enough to consult with them and let them have such information as you have so they may have the same in the defense of the case.

Thanking you, we are,
Very truly yours,
THE HIGHWAY CONSTRUCTION CO,.
By        ."

Following this exchange of letters, the attorneys Cline and Patterson, legal counsel for the Construction Company, defended the suit, which resulted in the judgment against the Construction Company for $1000.00.

Attorneys' fees can only be recovered provided there was liability under the policy to defend this law suit in question, and the breach of that contract to so do. Whatever the reasons were, the letter of May 8th from counsel for the Insurance Company to the Construction Company does not constitute a refusal to defend the husband's suit. The letter is quite lengthy, and the part preceding the portion quoted would go more to the reasons why the Insurance Company was willing for the Construction Company to employ its own counsel to defend the action; its position being that there was no liability under the contract of insurance to defend that suit or liability for the damages or loss of services. But that part of the letter quoted shows fairly it seems to the court the position of the Insurance Company that its counsel was entirely willing to proceed to defend, if desired, or would join with other counsel, whom the Construction Company might suggest, in the defense. It gave the Construction Company the option of defense by the Insurance Company's counsel, or joining in the defense with the Construction Company's counsel, or that the Construction Company might rely on its own counsel to make the defense. The Construction Company by the letter above quoted, elected to withdraw the defense from the Insurance Company and employ its own counsel. How can it be said that the Insurance Company under these facts breached any contract, if such there was, to defend the husband's law suit? We do not see how reasonable minds could differ on this conclusion. This being so, this court will render the judgment that the trial court should have rendered, finding in favor of the Fidelity and Casualty Company.

The judgment of the Court of Common Pleas will be reversed, and judgment will be entered here in favor of the plaintiff in error, The Fidelity and Casualty Company of New York.

ROSS and WILLIAMS, JJ, concur.